133-17/MEU/MJD
FREEHILL HOGAN & MAHAR LLP
*Attorneys for the Plaintiffs*
80 Pine Street, 25th Floor
New York, New York 10005-1759
(T): 212.425.1900 | (F): 212.425.1901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EFNAV CO., LTD., PROFONDE MARINE, INC., SERTIO SHIPPING CO., LTD.,<br><br>Plaintiffs,<br><br>-against-<br><br>SINORICHES ENTERPRISES CO. LTD.,<br><br>Defendant. | 17 Civ. _____ (\_\_\_)<br><br>**VERIFIED COMPLAINT** |

Plaintiffs, Efnav Co. Ltd. ("Efnav"), Profonde Marine, Inc. ("Profonde") and Sertio Shipping Co., Ltd. ("Sertio" and, collectively with Efnav and Profonde, "Plaintiffs") as and for their Verified Complaint against Defendant, Sinoriches Enterprises Co. Ltd. ("Sinoriches" or "Defendant"), allege upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant cannot be found within this District within the meaning of Supplemental Admiralty Rule B.

3. Venue is properly situated in this District because Defendant's property is, or soon will be, in the possession, custody, and control of Garnishees within this District.

## THE PARTIES

4. Efnav was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address and principal place of business in Greece.

5. Profonde was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address and principal place of business in the Marshall Islands. At all times relevant to this action, Profonde was the owner of the M/V *Captain George*.

6. Sertio was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address and principal place of business in the Liberia. At all times relevant to this action, Sertio was the owner of the M/V *Danae*.

7. At all times relevant to this action, Efnav was the ship manager and commercial operator of both the M/V *Captain George* and the M/V *Danae*.

8. Sinoriches was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room 1701, No. 7 Gangwan Street, Zhongshan District, Dalilan, China.

9. At all times relevant to this action, Sinoriches was the time charterer of both the M/V *Captain George* and the M/V *Danae*.

## THE M/V *CAPTAIN GEORGE* CHARTER PARTY

10. On December 19, 2016, Profonde, as owners, and Sinoriches, as charterers, entered into a charter party for the M/V *Captain George* (the "Captain George Charter Party"). A copy of the Captain George Charter Party is attached hereto as **Exhibit 1**.

11. Sinoriches has failed to pay hire in the amount of $223,811.06, all of which is due and owing to Profonde under the Captain George Charter Party.

## THE M/V *DANAE* CHARTER PARTY

12. On December 13, 2016, Sertio, as owners, and Sinoriches, as charterers, entered into a charter party for the M/V *Danae* (the "Danae Charter Party"). A copy of the Danae Charter Party is attached hereto as **Exhibit 2**.

13. Sinoriches has failed to pay hire in the amount of $60,738.61, all of which is due and owing to Sertio under the Danae Charter Party.

14. In addition, Sinoriches has also incurred costs of $359,875.00 for bunkers supplied during performance of the Danae Charter Party.

15. Pursuant to the Danae Charter Party, all bunkers supplied to the M/V *Danae* during performance of the contract are to be for charterers' (Sinoriches) account. Thus, Sinoriches' failure to pay for the bunkers represents a breach of the Danae Charter Party.

## LONDON ARBITRATION

16. Both the Captain George Charter Party and the Danae Charter Party provide for the application of English law and disputes between the parties to be resolved by arbitration in London.

17. This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for Plaintiffs' claims which have been made in the London arbitration under English law as agreed by the parties.

18. On March 24, 2017, Efnav, as ship manager and commercial operator of both the M/V *Captain George* and M/V *Danae*, issued demands for arbitration to Sinoriches to recover

for Sinoriches' breaches of the Captain George Charter Party and Danae Charter Party. A copy of Efnav's demands for arbitration is attached hereto as **Exhibit 3**.

19. As a regular feature of London arbitration, attorney fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiffs' main claim and the amount sued for herein.

## REQUEST FOR MARITIME ATTACHMENT AND GARNISHMENT UNDER RULE B

20. Plaintiffs seek issuance of Process of Maritime Attachment and Garnishment so that it may obtain security for its claims against Defendant, which have not paid or provided security in response to Plaintiffs' demands.

21. Defendant cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of debts, cash, funds, freight, hire, demurrage and/or credits in the hands of Garnishees in this District.

22. Plaintiffs' principal claims currently total $644,424.67.

23. In addition, interest anticipated to be awarded is estimated to be $64,442.47. This amount is calculated at the rate of 5% per annum (the usual rate awarded by London arbitrators) for a period of 2 years, the estimated time for completion of the arbitration proceedings.

24. Taking into account the interest set forth in paragraph 23 above and the estimated $500,000 Plaintiffs anticipate they will incur in prosecuting the London arbitrations and enforcing the awards issued in such arbitrations in the instant action, Plaintiffs' claims equal **$1,208,867.14**, no part of which has been paid by Defendant, despite due demand.

25. Plaintiffs specifically reserves the right to amend this amount to include sums that may become due and owing under either the Captain George Charter Party or the Danae Charter Party.

WHEREFORE, Plaintiffs pray:

a. That process in due form of law according to the practice of this Court may issue against Defendant, citing them to appear and answer the foregoing, failing which default may be taken;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$1,208,867.14** be restrained and attached, including, but not limited to any cargo, cash, funds, escrow funds, credits, debts, transfers, accounts, demurrage and/or letters of credit, of, belonging to, due or for the benefit of Defendant in the hands of certain garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to FED. R. CIV. P. 4(c) to serve Process of Maritime Attachment and Garnishment in this action;

d. That upon attachment of the amount demanded, this Court retain jurisdiction over the matter through the entry of judgment of the pending claims including any appeals thereof, and for any further or supplemental proceedings as may be necessary; and

e. For such other, further and different relief as this Court may deem just and proper, including but not limited to a default with respect to any property seized in the event a timely response is not filed.

Dated: New York, New York
       March 24, 2017

                                        FREEHILL HOGAN & MAHAR LLP

                                        /s/ Michael E. Unger
                                        _____
                                        Michael E. Unger
                                        Michael J. Dehart

464801.1

        80 Pine Street, 25th Floor
        New York, New York 10005-1759
        (T): 212.425.1900 | (F): 212.425.1901
        unger@freehill.com
        dehart@freehill.com

        *Attorneys for Plaintiffs*

464801.1

**VERIFICATION**

I am a Partner with the law firm Freehill Hogan & Mahar LLP, counsel to Plaintiffs.

The facts alleged in the foregoing amended complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiffs made available to me by Plaintiffs. Authorized officers of Plaintiffs are not readily available in this District to make verifications on Plaintiffs' behalf.  I am authorized to make this verification on Plaintiffs' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the Southern District of New York.  There is no record of any general or resident agent authorized to accept service of process for Sinoriches Enterprises Co. Ltd. in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2017.

/s/ Michael E. Unger
Michael E. Unger